**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **KALONIE BALDWIN, as Administratrix of the Estate of JOHN E. BALDWIN, JR., Deceased,** | |
| Plaintiff, | **1:20-cv-214 (GLS/CFH)** |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Anderson, Moschetti Law Firm        JEFFREY K. ANDERSON, ESQ.
26 Century Hill Drive
Suite 206
Latham, NY 12110

**FOR THE DEFENDANT:**
HON. ANTOINETTE T. BACON            EMER M. STACK
United States Attorney              Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Kalonie Baldwin, as Administratrix of the Estate of John E.

Baldwin, Jr., Deceased (hereinafter "the decedent") brings this action against defendant United States of America alleging claims pursuant to the Federal Tort Claims Act (FTCA).[1]  (Am. Compl., Dkt. No. 5.)  Pending is the United States' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), (Dkt. No. 13), as well as Baldwin's cross-motion to amend her amended complaint, (Dkt. No. 21).  For the reasons that follow, the United States' motion to dismiss is granted, and Baldwin's cross-motion to amend is denied, with leave to renew.

## I.  Background

### A.  Facts[2]

At all relevant times, the decedent was a patient at the Albany Stratton Veterans Affairs Medical Center (hereinafter "the VA").  (Am. Compl. ¶ 12.)  In early June of 2015, the decedent went to the VA for a colonoscopy, where an anal lesion was noted, but no biopsy was completed.  (*Id.* ¶¶ 13-14.)  The decedent was not informed about this finding, and no referral for a biopsy of the lesion was made.  (*Id.* ¶ 15.)

---

[1] *See* 28 U.S.C. §§ 2671-80.

[2] The facts are drawn from Baldwin's amended complaint, (Dkt. No. 5), and presented in the light most favorable to her.

In July of 2015, the decedent was admitted to the VA, where "rectal bleeding apparently due to an exophytic perianal lesion" was discovered. (*Id.* ¶ 16.) "According to the record, [an] anoscopy was performed," but a "biospy of the lesion did not take place." (*Id.* ¶¶ 16-17.) A few days later, decedent was seen by Dr. Jerome Hill, "but no biopsy of the lesion took place." (*Id.* ¶ 19.)

In August 2015, decedent was admitted again to the VA, and seen by Dr. Jacqueline Smith, "who noted that in June, a colonscopy was done and that []a large exophytic anal/perianal lesion was found and not biopsied." (*Id.* ¶¶ 21-22 (internal quotation marks omitted).) Dr. Smith also noted that "the question on consult only referred to [decedent's] psoriasis and not the mass, so it wasn't assessed." (*Id.* ¶ 22.) Two days later, decedent, having had no biopsy of the lesion, was discharged. (*Id.* ¶ 23.)

In May 2016, decedent was admitted to the VA for a third time "for a surgical consult conducted during his stay at the [VA]," where he "was given a diagnosis . . . of anal squamous cell carcinoma." (*Id.* ¶¶ 24-25.)

Decedent died on September 11, 2017 from metastatic colon cancer. (*Id.* ¶ 26.)

**B.  Procedural History**

Baldwin commenced this action on February 27, 2020 against the United States and the Department of Veterans Affairs. (Dkt. No. 1, Compl.) She filed an amended complaint on May 19, 2020, (Am. Compl.), and voluntarily dismissed the action against the Department of Veterans Affairs on May 26, 2020, (Dkt. No. 12). Generally, Baldwin alleges that employees of the VA failed to timely diagnose and treat the decedent's colon cancer, leading to his death. (Am. Compl. ¶¶ 27-34.) Although not specifically enumerated in the amended complaint, the parties appear to agree that the causes of action asserted by Baldwin are: (1) a wrongful death claim, and (2) a medical malpractice claim.[3] (*Id.*)

## II. **Standards of Review**

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

---

[3] In referring to the causes of action brought, the parties interchangeably use "personal injury" and "negligence" with respect to the wrongful death and medical malpractice claims. For ease of discussion, the court will refer to the causes of action as wrongful death and medical malpractice claims.

4

The standard of review under Fed. R. Civ. P. 12(b)(1) is similar, except that the court "may refer to evidence outside the pleadings," and "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted).

### III.  Discussion

### A.  United States' Motion to Dismiss

The United States seeks dismissal of Baldwin's claims on the following grounds: (1) the court lacks subject matter jurisdiction, because the United States is not liable for the alleged negligence of Dr. Charles Casale, an independent contractor, and, thus, sovereign immunity bars the instant lawsuit; (2) Baldwin's medical malpractice claim[4] is untimely, because she failed to file an administrative claim with the VA within two years of when critical facts of the decedent's injury were known or should have been known; and (3) Baldwin failed to comply with N.Y. C.P.L.R.

---

[4] Although the United States refers to this as a "personal injury" claim, (Dkt. No. 13, Attach. 1 at 12-14), because this portion of the United States' memorandum distinguishes between a personal injury claim and a wrongful death claim, noting that the wrongful death claim is timely, (*id.* at 13 n.4), it is presumed that the United States is referring to Baldwin's medical malpractice claim.

5

§ 3012-a by failing to attach a certificate of merit to her complaint.  (Dkt. No. 13, Attach. 1 at 7-16.)

To state a medical practice claim under New York law, which is applicable to Baldwin's FTCA claim by virtue of 28 U.S.C. § 2674, a plaintiff must establish the following elements: "(1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury."  *Doane v. United States*, 369 F. Supp. 3d 422, 446 (N.D.N.Y. 2019) (quoting *DiMitri v. Monsouri*, 302 A.D.2d 420, 421, (2d Dep't 2003)).  To state a wrongful death claim under New York law, the decedent's personal representative must plead: "(1) the death of a human being, (2) the wrongful act, neglect or default of the defendant by which the decedent's death was caused, (3) the survival of distributees who suffered pecuniary loss by reason of the death of decedent, and (4) the appointment of a personal representative of the decedent."  *Quinn v. United States*, 946 F. Supp. 2d 267, 277 (N.D.N.Y. 2013) (quoting *Chong v. N.Y.C. Transit Auth.*, 83 A.D.2d 546, 547 (2d Dep't 1981)).

In her response, Baldwin fails to address the United States'

6

arguments with respect to subject matter jurisdiction and timeliness.[5] (*See generally* Dkt. No. 21, Attach. 4.)  In the Northern District, where a plaintiff, in her opposition papers, fails to oppose several arguments by a defendant in its motion to dismiss, "the movant's burden is lightened such that, in order to succeed, the movant need only show facial merit in support of its motion, which has appropriately been characterized as a lightened burden."  *Breezee v. Colvin*, No. 5:14-CV-1114 GTS, 2015 WL 5725083, at *2 (N.D.N.Y. Sept. 28, 2015) (citations omitted); *see Lefevre v. Cty. of Albany*, No. 1:14-CV-155, 2015 WL 1626005, at *3 (N.D.N.Y. Apr. 13, 2015) (citations omitted) ("The failure to oppose a motion to dismiss a claim is deemed abandonment of the claim, and, in the Northern District of New York, is deemed consent to granting that portion of the motion.")).[6]

---

[5] Notably, in addition to her proposed second amended complaint, attached to Baldwin's opposition to the motion to dismiss are facts and legal arguments in an attorney affidavit, as well as exhibits to a medical expert's declaration, (*see generally* Dkt. No. 21), all of which are not properly submitted on a motion to dismiss.

[6] In any event, Baldwin concedes dismissal of her "negligence" claim based on Dr. Casale's status as an independent contractor, and also appears to concede dismissal of her "personal injury" claim, "preserving the wrongful death claim." (Dkt. No. 21, at 2.)  Although it is unclear which claims Baldwin is referring to, it is of no moment, because the court lacks subject matter jurisdiction over the action.

7

Thus, because Baldwin has failed to respond to the United States' arguments with respect to subject matter jurisdiction and timeliness, the only remaining issue is whether the United States has "met its burden to demonstrate entitlement to the relief requested through th[ose] argument[s]."  *Cossey v. David*, No. 904-CV-1501, 2007 WL 3171819, at *4 (N.D.N.Y. Oct. 29, 2007) (internal quotation marks and citations omitted).

Here, the United States' arguments that the court lacks subject matter jurisdiction over Baldwin's claims arising out of Dr. Casale's alleged negligence because of his status as an independent contractor, and that the statute of limitations bars Baldwin's medical malpractice claim because she did not file an administrative claim with the VA within two years from accrual of her claim, (Dkt. No. 13, Attach. 1 at 6-14), are facially meritorious.  As such, the United States has met its burden to demonstrate entitlement to dismissal of Baldwin's claims.

To the extent Baldwin argues, in an affidavit, that "there are material issues of fact precluding dismissal of the Amended Complaint based upon allegations of negligence dating from June of 2015, in the failure of defendant to evaluate the perianal lesion when [the decedent] was seen by

8

Dr. Sacco and Dr. Hill," (Dkt. No. 21 at 6), such argument fails.[7]  Indeed, in determining whether a claim survives a motion to dismiss, unlike a motion for summary judgment, the court considers only "whether the complaint includes factual allegations sufficient to raise a right to relief above the speculative level."  *Gonzalez v. Carestream Health, Inc.*, 520 F. App'x 8, 10 (2d Cir. 2013) (internal quotation marks and citation omitted).  Here, even accepting as true all plausible allegations of fact, and drawing all reasonable inferences in favor of Baldwin, there are no allegations in the amended complaint to suggest liability arising from Dr. Sacco and Dr. Hill, or any other employee at the VA.  Thus, Baldwin has failed to state a claim.

Accordingly, because the United States cannot be held liable for the conduct alleged here, and because Baldwin has failed to state a claim

---

[7] Notably, Baldwin's arguments, made in an affidavit, are in violation of Local Rule 7.1(b)(2)'s proscription against affidavits containing legal arguments.  *See* N.D.N.Y. L.R. 7.1(b)(2) ("An affidavit must not contain legal arguments but must contain factual and procedural background that is relevant to the motion the affidavit supports"); *Topliff v. Wal-Mart Stores East LP*, No. 6:04-CV-0297, 2007 WL 911891, *23 (N.D.N.Y. Mar. 22, 2007) ("[T]o the extent that [p]laintiff's counsel is attempting to present arguments in refutation of the arguments advanced by [d]efendant . . . , the place for those arguments is in [p]laintiff's opposition memorandum of law." (citation omitted)).

9

upon which relief may be granted, the United States' motion to dismiss is granted, and Baldwin's claims against it are dismissed.

## B. Baldwin's Cross-Motion to Amend

Baldwin seeks to amend her pleading for a second time. (Dkt. No. 21, Attach. 2.) In reply, the United States argues that leave to amend should be denied because Baldwin's cross-motion fails to comply with the Local Rules, and is otherwise meritless. (Dkt. No. 22 at 9-11.) Specifically, the United States maintains that Baldwin did not serve a proper notice of motion and provide a return date for the motion, nor did she denote the changes in her proposed second amended complaint by redline or other equivalent means. (*Id.* at 9-10.) Further, amendment would be futile, the United States contends, because Baldwin names the Department of Veterans Affairs as a defendant, despite having stipulated to its dismissal from this lawsuit in May 2020; she restates the same medical malpractice claim, despite having conceded that the claim is time barred; and, as explained above, the court lacks subject matter jurisdiction. (*Id.* at 10-11.) The court agrees with the United States.

As relevant here, Fed. R. Civ. P. 15 allows a party not otherwise permitted to amend its pleading to do so with leave of the court. *See* Fed.

10

R. Civ. P. 15(a)(2).  The Rule mandates that "[t]he court should freely give leave when justice so requires."  *Id.*  Barring "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party," leave should generally be granted.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).  "The non-moving party bears the burden of establishing why leave to amend should not be granted."  *Linares v. Richards*, No. 08-CV-3243, 2009 WL 2386083, at *9 (E.D.N.Y. Aug. 3, 2009) (citations omitted).

A proposed amendment is considered futile if it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Panther Partners Inc. v. Ikanos Comms, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citation omitted).  The amendment should be denied as futile only "if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief."  *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).  Accordingly, "the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss."  *IBEW Local Union No. 58, Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Group, PLC*, 783 F.3d

383, 389 (2d Cir. 2015).  In making this decision, courts must "consider the proposed amendments along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor."  *Panther Partners*, 681 F.3d at 119 (internal quotation marks, citations, and alterations omitted).

First and foremost, as noted by the United States, Baldwin runs afoul of this District's Local Rules, which require that a motion to amend "set forth specifically the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the submission of a redline/strikeout version of the pleading sought to be amended or through other equivalent means."  N.D.N.Y. L.R. 15.1(a).  Indeed, Baldwin has made alterations without specifically identifying them, (*see generally* Dkt. No. 21, Attach. 2), and, thus, the court is left to read the proposed second amended complaint line-by-line to determine where Baldwin made deletions and alterations.

The court, although not required, has done so, and notes that the only meaningful changes appear to include the following alterations to events occurring in June 2015: decedent "was seen . . . by Joseph Sacco, MD, who noted that 'other active medical issues include profuse psoriatic

lesions, and rectal bleeding apparently due to an exophytic perianal lesion. An anoscopy was performed during hospitalization and he is scheduled to see dermatologist tomorrow, presumably for biopsy'"; "no anoscopy was performed for evaluation of decedent's anal lesion prior to June 11, 2015"; and, "decedent was seen by dermatologist Jerome Hill, MD, who did not evaluate decedent's anal lesion."  (Dkt. No. 21, Attach. 2 at 4-5.)  These changes would not cure the deficiencies identified above, because they still fail to show that Baldwin is entitled to relief, rendering amendment futile. Accordingly, Baldwin's cross-motion, as filed, is denied.  However, in an abundance of caution, and because it appears that better pleading may be able to cure the deficiencies with respect to Baldwin's wrongful death claim, she may renew her motion for leave to amend in full compliance with the Local Rules of Practice and in accordance with this Memorandum-Decision and Order.

## IV.  <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the United States' motion to dismiss (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Baldwin's amended complaint (Dkt. No. 5) is

13

**DISMISSED**; and it is further

**ORDERED** that Baldwin's cross-motion to amend her amended complaint (Dkt. No. 21) is **DENIED with leave to renew** in full compliance with the Local Rules of Practice and this Memorandum-Decision and Order; and it is further

**ORDERED** that Baldwin may renew her motion for leave to amend within **fourteen (14) days** of this Memorandum-Decision and Order; and it is further

**ORDERED** that, if Baldwin fails to renew her motion for leave to amend in the time permitted, the Clerk is directed to enter judgment without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 8, 2021
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge